IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYNDA R. BRASHAR,

        Plaintiff,

v.                                                          No. 09-CV-1040 MCA/RHS

BOARD OF REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a Los Alamos National
Laboratories, *et al.*,

        Defendants.

## **ORDER**

        This matter is currently before the Court upon Plaintiff Lynda R. Brashar's *Motion for Remand*. [Doc. 8]  The Court has considered the parties' submissions, the relevant law, and is otherwise fully informed.  For the following reasons, the Court **grants** Plaintiff's Motion.

        Plaintiff filed her Complaint in New Mexico district court, asserting what appear to be purely state-law tort claims.  Defendants timely removed the case to this Court pursuant to 28 U.S.C. § 1441(b) on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff seeks a remand pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (Emphasis added).

        Notwithstanding the facially state-law character of Plaintiff's claims, Defendants have asserted federal question jurisdiction based on the doctrine of "complete preemption." [Doc. 1 at 4] The doctrine of complete preemption is "an exception or 'independent corollary' to the well-

pleaded complaint rule." *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004). Under the doctrine of complete preemption, "a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim 'necessarily federal in character.'" *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481U.S. 58, 63-64 (1987)). In the Tenth Circuit, complete preemption analysis involves two questions, both of which must be answered affirmatively for complete preemption to apply: (1) does the relevant federal law preempt the state laws relied upon by the plaintiff and (2) does the relevant federal law provide a federal cause of action as a substitute for the displaced state law causes of action? *Schmeling*, 97 F.3d at 1342. During the forty-plus years since the emergence of the complete preemption doctrine in *Avco Corporation Aero Lodge No. 735*, 390 U.S. 557 (1968),"[t]he Supreme Court has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption: § 301 of the Labor Management Relations Act (LMRA), § 502(a) of the Employment Retirement Income Security Act (ERISA), and §§ 85 and 86 of the National Bank Act." *Sullivan v. American Airlines*, 424 F.3d 267, 272 (2d Cir. 2005) (citations omitted).

Defendants maintain that Plaintiff's state-law complaint was removable because her state-law claims are completely preempted by operation of the Energy Employees Occupational Illness Compensation Program Act, codified at 42 U.S.C. §§ 7384, *et seq.* ("EEOICPA"). [Doc. 10 at 2-4] As one district court has explained:

> Congress initially enacted the EEOICPA in 2000 as a means to "provide [ ] benefits to individuals with illnesses caused by exposure to radiation and other toxic substances in the course of their work related to the nuclear weapon production and testing programs of the United States Department of Energy [ ] or its predecessor agencies."
>
> Under the Act, a covered employee is entitled to certain compensation and

2

> medical benefits for his or her occupational illness. A covered employee is defined as a covered beryllium employee, a covered employee with cancer, and a covered employee with chronic silicosis. In addition, after the Act was amended in 2004, a covered DOE contractor employee is also entitled to certain compensation. A covered DOE contractor employee "means any Department of Energy contractor employee determined . . . to have contracted a covered illness through exposure at a Department of Energy facility." "The term 'covered illness' means an illness or death resulting from exposure to a toxic substance."
> . . . .
>
> Under the EEOICPA, a covered employee or a covered DOE contractor employee who seeks compensation cannot immediately file an action in federal court. Rather, he or she must first make an administrative claim with the United States Department of Labor ("DOL").

*Lemanski v. Regents of the Univ. of California*, No. C-08-0548 EMC, 2008 WL 2080773 *2-3 (N.D. Cal. May 14, 2008) (citations omitted).

In applying complete preemption analysis to the present case, the Court will begin with the second inquiry "[f]or reasons of comity and prudence." *Schmeling*, 97 F.3d at 1343. A court should "avoid, if possible, the awkwardness of simultaneously (1) holding that [it] lack[s] jurisdiction and (2) commenting on the merits of the [ordinary] preemption defense." *Id.*

In every instance in which the Supreme Court has found complete preemption, the relevant preemptive statute created a cause of action within the original jurisdiction of the district court. *Sullivan*, 424 F.3d at 276-77. "[A] federal cause of action is a prerequisite to removal under the complete preemption doctrine . . . ." *Schmeling*, 97 F.3d at 1343. "The congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." *Strong v. Techtronics Pacing Sys., Inc.*, 78 F.3d 256, 260 (6th Cir. 1996). "[R]emoval of state-law claims based on complete preemption becomes possible not

solely by virtue of the preemptive force of a substantive federal statute such as the LMRA, ERISA, or the National Bank Act, but rather because a federal statute with completely preemptive force also gives rise to original federal jurisdiction, and as a consequence allows removal under 28 U.S.C. § 1441." *Sullivan*, 424 F.3d at 276.

Under Defendants' theory of removal jurisdiction, Plaintiff's complaint must be recharacterized as a claim for compensation under the EEOICPA in order for the complaint to satisfy § 1441(b)'s requirement that the removed civil action be within the Court's original jurisdiction." [Doc. 10 at 2] So characterized, Plaintiff's complaint fails to state a claim within the Court's original jurisdiction because the EEOICPA does not create a cause of action within the original jurisdiction of the district courts. A claim for benefits under the EEOICPA is initiated by filing an administrative claim with the Department of Labor's Office of Workers' Compensation Programs. 20 C.F.R. § 30.100(a). The only grant of jurisdiction to district courts set out in the EEOICPA is a grant of jurisdiction to review final decisions of the Department of Labor. 42 U.S.C. § 7385s-6. "[T]he sine qua non of complete preemption is a pre-existing *federal* cause of action that can be brought in the district courts. . . . Congress's allocation of authority to an agency and away from district courts defeats a complete preemption claim. . . . " *In re Blackwater Security Consulting, LLC*, 460 F.3d 576 (4th Cir. 2006) (quoting *Lontz v. Tharp*, 413 F.3d 435, 442-43 (4th Cir. 2005)). Congress's provision for district court review of final EEOICPA benefit decisions does not satisfy the complete preemption requirement that Congress have substituted a federal cause of action for the displaced state-law causes of action. *See Sullivan*, 424 F.3d at 276-77 (noting that Congress authorized limited federal court review of adjustment board decisions concerning minor disputes rather than providing cause of action over minor disputes within federal court's original jurisdiction; concluding that the Railway Labor

Act did not accomplish complete preemption of state-law claims that are also minor disputes subject to the primary jurisdiction of adjustment boards).

Defendants have not satisfied the second part of the complete preemption analysis. Whether Plaintiff's claims are preempted by the EEOICPA presents a question of ordinary preemption, not compete preemption. Plaintiff's facially state-law complaint therefore remains within "[t]he general rule . . . that a federal defense, even one relying on the preclusive effect of a federal statute, is not enough to authorize removal to federal court." *Felix*, 387 F.3d at 1154. Removal was improper. Accordingly, Plaintiff's *Motion to Remand* [Doc. 8] is **granted** and this case is **remanded** to state court.

**SO ORDERED this 13th day of May, 2010.**

                                                          M. CHRISTINA ARMIJO
                                                          UNITED STATES DISTRICT JUDGE